

# CIVIL COVER SHEET

JS 44 (Rev. 12/07) (cand rev 1-16-08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
Familymeds, Inc., a Connecticut corp.; and Familymeds Group, Inc. a Nevada corp., f/k/a Drugmax, Inc., a Nevada corp.

## DEFENDANTS
McKesson Corporation, a DE corp.; and D&K Healthcare Resources LLC, a DE ltd. liability co., f/k/a D&K Healthcare Resources, Inc., a DE corp.

(b) County of Residence of First Listed Plaintiff: Hartford
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jeffer, Mangels, Butler & Marmaro LLP
Robert C. Gebhardt; Michael A. Gold; Matthew S. Kenefick
Two Embarcadero Center, Fifth Floor, San Francisco, California 94111
(415) 398-8080   Fax (415) 398-5584

Attorneys (If Known)

BZ   ADR
E-filing

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. section 1332 - Diversity Jurisdiction

Brief description of cause:
Breach of Contract and Accounting in Equity

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".   4:07-CV05715 WDB

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
☒ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE

DATE: June 6, 2008
SIGNATURE OF ATTORNEY OF RECORD

JEFFER, MANGELS, BUTLER & MARMARO LLP
ROBERT C. GEBHARDT (Bar No. 48965), rcg@jmbm.com
MICHAEL A. GOLD (Bar No. 90667), mag@jmbm.com
MATTHEW S. KENEFICK (Bar No. 227298), msk@jmbm.com
Two Embarcadero Center, Fifth Floor
San Francisco, California 94111-3824
Telephone:    (415) 398-8080
Facsimile:    (415) 398-5584

Attorneys for Plaintiffs FAMILYMEDS, INC., a Connecticut corporation and FAMILYMEDS GROUP, INC. a Nevada corporation, f/k/a DRUGMAX, INC., a Nevada corporation

FILED
JUN 6 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

BZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FAMILYMEDS, INC., a Connecticut corporation; and FAMILYMEDS GROUP, INC. a Nevada corporation, f/k/a DRUGMAX, INC., a Nevada corporation,

Plaintiffs,

v.

MCKESSON CORPORATION, a Delaware corporation; and D&K HEALTHCARE RESOURCES LLC, a Delaware limited liability company, f/k/a D&K HEALTHCARE RESOURCES, INC., a Delaware corporation,

Defendants.

CASE NO. CV 08 2850

COMPLAINT FOR:

1) **SPECIFIC PERFORMANCE OF CONTRACT** (Two Counts); and

2) **ACCOUNTING** (Four Counts).

**DEMAND FOR JURY TRIAL**

Plaintiffs Familymeds, Inc., a Connecticut corporation ("**Familymeds, Inc.**") and Familymeds Group, Inc. a Nevada corporation, f/k/a DrugMax, Inc., a Nevada corporation ("**Familymeds Group**") (collectively, "**Plaintiffs**") hereby complain against McKesson Corporation, a Delaware corporation ("**McKesson**") and D&K Healthcare Resources LLC, a Delaware limited liability company, f/k/a D&K Healthcare Resources, Inc., a Delaware corporation ("**D&K**") (collectively, "**Defendants**") as follows:

///

///

///

# I.

## GENERAL ALLEGATIONS

### JURISDICTION

1. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**Plaintiffs**

2. Familymeds, Inc. is a Connecticut corporation with its principal place of business at 2 Bridgewater Road, Farmington, Connecticut 06032.

3. Familymeds Group is a Nevada corporation with its principal place of business at 2 Bridgewater Road, Farmington, Connecticut 06032.

4. On or about November 12, 2004, Familymeds Group, Inc., a Connecticut corporation merged with and into DrugMax, Inc., a Nevada corporation ("**DrugMax**"), leaving DrugMax as the surviving corporation, and thereafter, on or about July 10, 2006, DrugMax amended its articles of incorporation to change its name to Familymeds Group, Inc., a Nevada corporation.

5. Familymeds, Inc. is the wholly-owned subsidiary of Familymeds Group.

**Defendants**

6. Plaintiffs are informed and believe, and on that basis allege, that at all times herein mentioned, McKesson is and was a Delaware corporation with its principal place of business at One Post Street, San Francisco, California 94104.

7. Plaintiffs are informed and believe, and on that basis allege, that on or about August 30, 2005, McKesson's wholly owned subsidiary, Spirit Acquisition Corporation, a Delaware corporation, merged with and into D&K Healthcare Resources, Inc., leaving D&K Healthcare Resources, Inc. as the surviving corporation and thereby rendering D&K Healthcare Resources, Inc. a wholly-owned subsidiary of McKesson.

8. Plaintiffs are informed and believe, and on that basis allege, that from the date of its formation of December 16, 1987, until December 31, 2005, D&K was a corporation formed under the laws of Delaware.

9. Plaintiffs are informed and believe, and on that basis allege, that on or about January 1, 2006, D&K converted from being a Delaware corporation into a Delaware limited liability company, and has thereafter remained as a Delaware limited liability company with McKesson as its sole member.

10. Plaintiffs are informed and believe, and on that basis allege, that at all times herein mentioned, D&K's principal place of business is and was at 8235 Forsyth Blvd., St. Louis, Missouri 63105.

11. Plaintiffs are informed and believe, and on that basis allege, that McKesson and D&K share, and are controlled by, an interlocking directorate.

**Amount in Controversy**

12. The amount in controversy of each of the claims of Familymeds, Inc. and Familymeds Group against McKesson and D&K each respectively exceed the sum or value of $75,000.

**VENUE**

13. All actions complained of herein took place within the jurisdiction of the United States District Court, Northern District of California. Accordingly, venue is invoked pursuant to 28 U.S.C. § 1391(a).

**INTRADISTRICT ASSIGNMENT**

14. A substantial part of the events, acts or omissions giving rise to the claims for relief set forth herein occurred in the City and County of San Francisco.

**II.**

**FACTUAL BACKGROUND**

**The First Agreement**

15. On or about December 28, 2004, Familymeds, Inc., Valley Drug Company South, a Louisiana corporation ("**Valley Drug**") and D&K entered into that certain written Prime Warehouse Supplier Agreement (the "**First Agreement**") for fair and valuable consideration, which provided, *inter alia*, for D&K to sell and Familymeds, Inc. and Valley Drug to buy certain "Products" (as that term is defined therein).

16.  The First Agreement provided for a term of two (2) years, commencing on December 28, 2004.

**The First Amendment**

17.  On or about December 27, 2005, DrugMax (which amended its articles of incorporation on July 10, 2006, to change its name to Familymeds Group, Inc., a Nevada corporation and is referred to herein as "Familymeds Group"), Familymeds, Inc., and D&K entered in that certain written First Amendment to Prime Warehouse Supplier Agreement for fair and valuable consideration, which provided, *inter alia,* to amend certain terms of the First Agreement (the First Agreement, as amended, shall be referred to herein as the "**First Amendment**").

18.  The First Amendment was negotiated and drafted by McKesson's San Francisco corporate office and legal department.

19.  Plaintiffs are informed and believe, and on that basis allege, that the First Amendment was executed by Paul C. Julian, who was also a director and/or officer of McKesson at the time of execution of the First Amendment.

20.  The First Amendment provided, *inter alia*, that Familymeds, Inc. and Familymeds Group were obligated to "fully participate in the McKesson OneStop Generics Program through its auto-substitution feature and to thereby designate this program as Customer's primary source of generic pharmaceuticals..." (the "**McKesson OneStop Generics Program**").

21.  Both Familymeds, Inc. and Familymeds Group fully participated in the McKesson OneStop Generics Program, as required under the First Amendment.

22.  The First Amendment provided, *inter alia*, that all notices thereunder shall be served on McKesson Corporation, One Post Street, San Francisco, California 94104.

23.  The First Amendment in Paragraph 10 (amending Section 8 of the First Agreement), provided that Familymeds, Inc. and Familymeds Group were entitled to audit documentation pertaining to Specially Priced Products (as that term is defined therein) (the "**Accounting Obligation**"):

> ...Customer [Familymeds, Inc. and Familymeds Group] may audit Customer's purchase history and pricing of Specially Priced Products charged to Customer by D&K as reasonably requested.  D&K agrees

1  to provide Customer with the above-referenced purchase history upon Customer's written request.

3  24.  Beginning in or around February 2006, and until the end of the term of the First Amendment in December 2006, McKesson sent to Familymeds, Inc. and Familymeds Group all invoices for payment which arose under the First Amendment.

25.  Beginning in or around February 2006, and until the end of the term of the First Amendment in December 2006, Familymeds, Inc. and Familymeds Group, by direction, request, and demand of D&K, sent all payments arising under the First Amendment to McKesson.

**The Request**

26.  In a letter dated September 18, 2007, and addressed to Ana Schrank, Vice President of Financial Services, McKesson Corporation, One Post Street, San Francisco, CA 94104, James E. Searson, an officer and director of both Familymeds, Inc. and Familymeds Group, requested documentation pertaining to prior account statements, Specially Priced Products (as that term is defined in the First Amendment), charges, credits, pricing adjustments, and payments (the "**Documentation**") (the "**Request**").

27.  The Documentation sought in the Request is within the exclusive possession and control of D&K and/or McKesson.

28.  The Request was wrongfully refused and wholly denied.

29.  Familymeds is informed and believes, and based thereon alleges, that Familymeds, Inc. and Familymeds Group have been wrongfully overcharged certain amounts under the First Amendment and credits due under the First Amendment were improperly withheld; however, the Documentation necessary to determine the amount of these improper overcharges and improperly withheld credits is within D&K's and/or McKesson's exclusive possession and control and the September 18, 2007 Request for such information was wrongfully denied.

///
///
///
///

## III.

## **FIRST CLAIM FOR RELIEF**

(Specific Performance of Contract)

### **Count One - Familymeds, Inc. against D&K**

30. Familymeds, Inc. incorporates by reference the allegations contained in Paragraphs 1 through 29 above.

31. The Accounting Obligation under the First Amendment created an express obligation for D&K to provide the Documentation to Familymeds, Inc.

32. The terms of the First Amendment, including the Accounting Obligation, are sufficiently precise, certain, and definite for enforcement by this Court.

33. The terms of the First Amendment, including the Accounting Obligation, are fair, just, and reasonable under all of the circumstances, and adequate consideration was provided by and to all parties.

34. The terms of the First Amendment, including the Accounting Obligation, are mutually available and can be enforced by and against any party to the First Amendment.

35. Familymeds, Inc. has duly performed all conditions precedent on its part required to be performed under the terms of the First Amendment, except as to those conditions for which performance was excused by D&K's material breaches.

36. D&K has breached the First Amendment by wrongfully refusing the Request, thereby breaching its Accounting Obligation.

37. Familymeds, Inc. requests that this Court order D&K to specifically perform in accordance with the terms of the First Amendment by providing the Documentation as required by the Accounting Obligation.

38. No adequate remedy at law is available to Familymeds, Inc.

WHEREFORE, Familymeds, Inc. prays for judgment as set forth herein.

### **Count Two - Familymeds Group against D&K**

39. Familymeds Group incorporates by reference the allegations contained in Paragraphs 1 through 29 above.

40. The Accounting Obligation under the First Amendment created an express obligation for D&K to provide to Familymeds Group the Documentation.

41. The terms of the First Amendment, including the Accounting Obligation, are sufficiently precise, certain, and definite for enforcement by this Court.

42. The terms of the First Amendment, including the Accounting Obligation, are fair, just, and reasonable under all of the circumstances, and adequate consideration was provided by and to all parties.

43. The terms of the First Amendment, including the Accounting Obligation, are mutually available and can be enforced by and against any party to the First Amendment.

44. Familymeds Group has duly performed all conditions precedent on its part required to be performed under the terms of the First Amendment, except as to those conditions for which performance was excused by D&K's material breaches.

45. D&K has breached the First Amendment by wrongfully refusing the Request, thereby breaching its Accounting Obligation.

46. Familymeds Group requests that this Court order D&K to specifically perform in accordance with the terms of the First Amendment by providing the Documentation as required by the Accounting Obligation.

47. No adequate remedy at law is available to Familymeds Group.

WHEREFORE, Familymeds Group prays for judgment as set forth herein.

### IV.

### SECOND CLAIM FOR RELIEF

(Accounting in Equity - Four Counts)

**Count One - Familymeds, Inc. against D&K**

48. Familymeds, Inc. incorporates by reference the allegations contained in Paragraphs 1 through 29 above.

49. A relationship exists between Familymeds, Inc. and D&K, and circumstances require, that D&K provide to Familymeds, Inc. an accounting in equity.

50. An unknown balance is due under the First Amendment to Familymeds, Inc. for

unissued and improperly withheld credits and overcharges which cannot be ascertained without an accounting, the means of which are in the exclusive knowledge and control of D&K.

51. D&K has the obligation and the ability to account to Familymeds, Inc.

52. No adequate remedy is available to Familymeds, Inc. at law and thus an accounting is necessary to preserve Familymeds, Inc.'s rights.

WHEREFORE, Familymeds, Inc. prays for judgment as set forth herein.

### Count Two - Familymeds, Inc. against McKesson

53. Familymeds, Inc. incorporates by reference the allegations contained in Paragraphs 1 through 29 above.

54. A relationship exists between Familymeds, Inc. and McKesson, and circumstances require, that McKesson provide to Familymeds, Inc. an accounting in equity.

55. An unknown balance is due under the First Amendment to Familymeds, Inc. for unissued and improperly withheld credits and overcharges which cannot be ascertained without an accounting, the means of which are in the exclusive knowledge and control of McKesson.

56. McKesson has the obligation and the ability to account to Familymeds, Inc.

57. No adequate remedy is available to Familymeds, Inc. at law and thus an accounting is necessary to preserve Familymeds, Inc.'s rights.

WHEREFORE, Familymeds, Inc. prays for judgment as set forth herein.

### Count Three - Familymeds Group against D&K

58. Familymeds Group incorporates by reference the allegations contained in Paragraphs 1 through 29 above.

59. A relationship exists between Familymeds Group and D&K, and circumstances require, that D&K provide to Familymeds Group an accounting in equity.

60. An unknown balance is due under the First Amendment to Familymeds Group for unissued and improperly withheld credits and overcharges which cannot be ascertained without an accounting, the means of which are in the exclusive knowledge and control of D&K.

61. D&K has the obligation and the ability to account to Familymeds Group.

62. No adequate remedy is available to Familymeds Group at law and thus an accounting

1  is necessary to preserve Familymeds Group's rights.

2  WHEREFORE, Familymeds Group prays for judgment as set forth herein.

### Count Four - Familymeds Group against McKesson

63. Familymeds Group incorporates by reference the allegations contained in Paragraphs 1 through 29 above.

64. A relationship exists between Familymeds Group and McKesson, and circumstances require, that McKesson provide to Familymeds Group an accounting in equity.

65. An unknown balance is due under the First Amendment to Familymeds Group for unissued and improperly withheld credits and overcharges which cannot be ascertained without an accounting, the means of which are in the exclusive knowledge and control of McKesson.

66. McKesson has the obligation and the ability to account to Familymeds Group.

67. No adequate remedy is available to Familymeds Group at law and thus an accounting is necessary to preserve Familymeds Group's rights.

WHEREFORE, Familymeds Group prays for judgment as set forth herein.

### V.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against D&K and McKesson as follows:

### **On The First Claim For Relief For Specific Performance Of Contract:**

### Count One - Familymeds, Inc. against D&K

1. For specific enforcement of the First Amendment compelling D&K to comply with its Accounting Obligation;

2. For costs of suit herein incurred; and

3. For such other and further relief as the Court may deem proper.

### Count Two - Familymeds Group against D&K

1. For specific enforcement of the First Amendment compelling D&K to comply with its Accounting Obligation;

2. For costs of suit herein incurred; and

3. For such other and further relief as the Court may deem proper.

**On the Second Claim For Relief Accounting In Equity:**

    **Count One - Familymeds, Inc. against D&K**

1. For an order compelling D&K to provide to Familymeds, Inc. an accounting in equity;

2. For costs of suit herein incurred; and

3. For such other and further relief as the Court may deem proper.

    **Count Two - Familymeds, Inc. against McKesson**

1. For an order compelling McKesson to provide to Familymeds, Inc. an accounting in equity;

2. For costs of suit herein incurred; and

3. For such other and further relief as the Court may deem proper.

    **Count Three - Familymeds Group against D&K**

1. For an order compelling D&K to provide to Familymeds Group an accounting in equity;

2. For costs of suit herein incurred; and

3. For such other and further relief as the Court may deem proper.

    **Count Four - Familymeds Group against McKesson**

1. For an order compelling McKesson to provide to Familymeds Group an accounting in equity;

2. For costs of suit herein incurred; and

3. For such other and further relief as the Court may deem proper.

///
///
///
///
///
///

| | |
|---|---|
| DATED: June 6, 2008 | JEFFER, MANGELS, BUTLER & MARMARO LLP<br>ROBERT C. GEBHARDT<br>MICHAEL A. GOLD<br>MATTHEW S. KENEFICK<br><br>By: _____<br>MATTHEW S. KENEFICK<br>Attorneys for Plaintiffs FAMILYMEDS, INC., a Connecticut corporation and FAMILYMEDS GROUP, INC., a Nevada corporation, f/k/a DRUGMAX, INC., a Nevada corporation |

## JURY DEMAND

Plaintiffs demand a jury trial on all issues so triable.

| | |
|---|---|
| DATED: June 6, 2008 | JEFFER, MANGELS, BUTLER & MARMARO LLP<br>ROBERT C. GEBHARDT<br>MICHAEL A. GOLD<br>MATTHEW S. KENEFICK<br><br>By: _____<br>MATTHEW S. KENEFICK<br>Attorneys for Plaintiffs FAMILYMEDS, INC., a Connecticut corporation and FAMILYMEDS GROUP, INC., a Nevada corporation, f/k/a DRUGMAX, INC., a Nevada corporation |