MARIA K. PUM (State Bar No. 120987)
KRISTEN E. CAVERLY (State Bar No. 175070)
ROBERT C. MARDIAN, III (State Bar No. 224377)
HENDERSON & CAVERLY LLP
P.O. Box 9144 (all U.S. Mail)
16236 San Dieguito Road, Suite 4-13
Rancho Santa Fe, CA 92067-9144
Telephone:    (858) 756-6342
Facsimile:     (858) 756-4732
E-mail:  mpum@hcesq.com

Attorneys for Defendants
McKESSON CORPORATION &
D&K HEALTHCARE RESOURCES LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAMILYMEDS, INC., a Connecticut corporation; and FAMILYMEDS GROUP, INC., a Nevada corporation, f/k/a Drugmax, Inc., a Nevada corporation,<br><br>           Plaintiffs,<br><br>    v.<br><br>McKESSON CORPORATION, a Delaware corporation; D&K HEALTHCARE RESOURCES LLC, a Delaware limited liability company, f/k/a D&K HEALTHCARE RESOURCES, INC., a Delaware corporation,<br><br>           Defendants. | Case No. 4:08-cv-02850 WDB<br><br>**NOTICE OF MOTION;**<br><br>**MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP RULES 12(b)(1) AND 12(b)(6); AND**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(1) AND 12(b)(6)**<br><br>Complaint Filed:  June 6, 2008<br><br>Date:   October 29, 2008<br>Time:  3:00 p.m.<br>Place:  Ctrm 4<br>           1301 Clay St., 3d Floor<br>           Oakland, CA |

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................. I

TABLE OF AUTHORITIES ........................................................................................................ III

NOTICE OF MOTION .................................................................................................................. 1

MOTION ........................................................................................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 1

    I.    BACKGROUND ............................................................................................... 2

        A.    The Complaint Commencing this Action. ........................................................ 2

        B.    Relationship to "First Action." .......................................................................... 2

    II.    LEGAL ANALYSIS ......................................................................................... 3

        A.    Dismissal under Rule 12(b)(1) for Lack of Subject Matter Jurisdiction ............................................................................................ 3

        B.    Dismissal under Rule 12(b)(6) for Failure to State a Claim Upon which Relief May be Granted. ............................................................. 6

            1.    "Specific Performance" is Not a Claim Upon Which Relief May Be Granted. ............................................................... 6

            2.    The Equitable Claim for an Accounting is Not a Claim Upon Which Relief May be Granted. .................................. 7

            3.    Regardless of the Viability of the Specific Performance or Equitable Accounting Claims

Asserted in the Complaint Against D&K Under the First Agreement, there is No Basis for Any Claims Against McKesson in the Second Action. ................................... 10

    4.    The Equitable Remedies Sought in the Complaint are Not Available to Familymeds Because it Has an Adequate Remedy at Law. ........................................................... 11

  C.    The Complaint Should be Dismissed with Prejudice and Without Leave to Amend. ......................................................................... 12

III.    CONCLUSION ................................................................................................ 13

# TABLE OF AUTHORITIES

Cases

*Adams v. Johns-Manville Corp.*, 876 F.2d (9th Cir. Cal. 1989)..............................................7

*Civic W. Corp. v. Zila Indus., Inc.*, 66 Cal. App. (Cal. Ct. App. 1977).................................9

*Cohen v Beneficial Industrial Loan Corp.*, 69 F. Supp. 297 (1946, D.C. N.J.) ...................12

*County of Santa Clara v. Astra USA, Inc.*, 2006 U.S. Dist. LEXIS 57175
   (N.D. Cal. 2006) .......................................................................................8, 9, 10

*Dairy Queen, Inc. v. Wood*, 369 U.S. (U.S. 1962) ...............................................................13

*Eugene N. Gordon, Inc. v. La-Z-Boy, Inc.,* 2007 U.S. Dist. LEXIS 30632
   (E.D. Cal. Apr. 12, 2007) ......................................................................................7

*Foman v. Davis*, 371 U.S. 178 (1962) ...................................................................................14

*Gaus v. Miles, Inc.,* 980 F.2d 564(9th Cir. 1992).....................................................................4

*Global View Ltd. Venture Capital v Great Cent. Basin Exploration, L.L.C.*,
   288 F. Supp. 2d 482 (2003, S.D. N.Y.) ....................................................................12

*In re Asyst Technologies, Inc. Derivative Litigation*, 2008 U.S. Dist. LEXIS
   41173 (N.D. Cal., May 23, 2008)....................................................................10, 11, 13

*McCauley v. Ford Motor Co.,* 264 F.3d 952 (9th Cir. 2001) ..................................................4

*Pusey & Jones Co. v. Hanssen*, 261 U.S. 491 (U.S. 1923) ....................................................13

*Rapoport v. Rapoport,* 416 F.2d 41 (9th Cir. Nev. 1969) ..................................................5, 6

*Smith v. McCullough*, 270 U.S. 456 (U.S. 1926) ...................................................................4

*Tosco Corp. v. Communities for a Better Env't,* 236 F.3d 495 (9th Cir. 2001)......................4

*Valdez v Allstate Ins. Co.,* 372 F.3d 1115 (9th Cir. 2004)..................................................5, 6

*Yerkovich v. MCA Inc.,* 11 F. Supp. 2d 1167 (C.D. Cal. 1997).............................................8

Statutes

28 USC § 1331 ........................................................................................................................4

28 USC § 1332 ........................................................................................................................4

Rules

Fed. Rule of Civ. Procedure Rule 12(b)(1) ..............................................................................1, 3, 4

Fed. Rule of Civ. Procedure Rule 12(b)(6) ..............................................................................3, 6, 8

Fed. Rules Civ. Procedure 8(a)(2) ................................................................................................12

# NOTICE OF MOTION

PLEASE TAKE NOTICE that on **October 29, 2008** at **3:00 p.m**. in the above-referenced Court, or as soon thereafter as the matter may be called, McKESSON CORPORATION, a Delaware corporation ("McKesson") and D&K HEALTHCARE RESOURCES LLC, a Delaware limited liability company ("D&K") will move this Court for an order dismissing that certain "Complaint for: 1) Specific Performance of Contract (Two Counts); and 2) Accounting (Four Counts)" filed on June 6, 2008 ("Complaint") by FAMILYMEDS GROUP, INC., f/k/a Drugmax, Inc. ("FM Group") and FAMILYMEDS, INC., a Connecticut corporation ("FM Inc.," and together with FM Group, called "Familymeds).

# MOTION

McKesson hereby moves this Court for an order Dismissing the Complaint on the bases (among others) that:

(1) the Court lacks subject matter jurisdiction over each of the Claims for Relief asserted therein (and each of the "Counts" alleged thereunder) because the value of the amount in controversy does not exceed $75,000, which requires dismissal pursuant to Federal Rule of Civil Procedure Rule ("Rule") 12(b)(1); and

(2) Familymeds' claims for an accounting and specific performance are remedies only, not stand-alone claims, and thus fail to state claims upon which relief may be granted under Rule 12(b)(6).

There is no ability of Familymeds to amend the Complaint to overcome these grounds for dismissal. Therefore, McKesson moves this Court to dismiss the Complaint in its entirety with prejudice and without leave to amend.

# MEMORANDUM OF POINTS AND AUTHORITIES

On June 6, 2008, FAMILYMEDS, INC., a Connecticut corporation ("FM Inc.") and FAMILYMEDS GROUP, INC., a Nevada corporation, f/k/a Drugmax, Inc., a Nevada corporation, ("FM Group" and together with FM Inc. called "Familymeds") filed a complaint (the "Complaint") against McKESSON CORPORATION, a Delaware corporation ("McKesson") and D&K HEALTHCARE RESOURCES LLC, a Delaware limited liability company, f/k/a D&K HEALTHCARE RESOURCES, INC., a Delaware corporation ("D&K"). The Complaint seeks no

1

monetary relief against either McKesson or D&K.  Instead, it purports to seek to enforce equitable remedies against McKesson and D&K to impose upon them a duty to provide FM Group and FM Inc. with an accounting concerning the sales history of a nearly three-year-old contract.  Complaint at ¶17.  None of the claims for relief asserted in the Complaint state cognizable claims upon which relief is available to Familymeds.   In addition, the Complaint fails to allege facts that establish that this Court has subject matter jurisdiction.  The Complaint should be dismissed in its entirety with prejudice and without leave to amend.

I.     BACKGROUND

### A. The Complaint Commencing this Action.

The Complaint commencing this action (the "Second Action") asserts what Familymeds categorizes as only two claims for relief, each relating to a contract (defined in the Complaint as the "First Agreement") executed by D&K, FM Inc. and a third party on December 28, 2004 and a later amendment thereto (defined in the Complaint as the "First Amendment").  Each Claim for Relief is then subdivided into separate "Counts."  The First Claim for Relief is defined in the Complaint as a claim for "Specific Performance of Contract" and is divided into two "counts:" one pursued by FM Inc. against D&K  ("Count One"), and a second pursued by FM Group against D&K ("Count Two").

The Second Claim for Relief is defined in the Complaint as a claim for "Accounting in Equity" subdivided into four separate counts, each seeking to impose an equitable obligation on either D&K or McKesson to perform an accounting (the "Equitable Accounting Claim") with regard to the First Agreement as amended by the First Amendment.  The first count of this Second Claim For Relief ("Count Three") is asserted by FM Inc. against D&K, the second ("Count Four") is asserted by FM Inc. against McKesson, the third ("Count Five") is asserted by FM Group against D&K, and the fourth ("Count Six") is asserted by FM Group against McKesson.

### B. Relationship to "First Action."

The instant action is related to Case No. 4:07-cv-05715 WDB filed on November 9, 2007 (the "First Action).  The First Action was commenced by McKesson as a simple breach of

2

1  contract[1] claim by McKesson against FM Group seeking payment on account of unpaid invoices as
2  of the date hereof under a separate supply agreement dated as of February 2, 2007 for the purchase
3  and sale of pharmaceuticals and health and beauty products ("the Supply Agreement").  In
4  response, FM Group and FM Inc. filed a counterclaim and cross-complaint demanding specific
5  performance of an implied covenant for an accounting to be read into the Supply Agreement and
6  into the First Agreement and demanding an equitable right to an accounting under the Supply
7  Agreement and under the First Agreement.  Following a hearing on an ensuing motion to dismiss
8  the counterclaim and cross-complaint filed by McKesson, FM Inc. was dismissed from the First
9  Action.  The First Action overlaps with the Second Action to the extent FM Group is asserting
10 claims against McKesson in its counterclaim in the First Action to an accounting based on the First
11 Agreement.

## II.    LEGAL ANALYSIS

McKesson and D&K have filed their motion under Rule 12(b)(1) seeking an order dismissing the Complaint and each of the "Counts" alleged therein because Familymeds fails to sufficiently plead facts that establish that the value of the amount in controversy exceeds $75,000 and therefore this Court lacks subject matter jurisdiction over this action.  In addition, McKesson and D&K seek dismissal pursuant to Rule 12(b)(6) because none of the six Counts states a claim upon which relief can be granted: claims for specific performance and an accounting are not cognizable stand-alone claims.  Further, the equitable remedies sought are improper because Familymeds failed to plead sufficient facts to invoke the equitable jurisdiction of the Court.  Accordingly, McKesson and D&K request that the Complaint be dismissed with prejudice and without leave to amend.

### A.    Dismissal under Rule 12(b)(1) for Lack of Subject Matter Jurisdiction

Rule 12(b)(1) allows a party to bring a motion seeking the dismissal of a claim for relief brought in Federal Court for lack of subject matter jurisdiction. A federal court has subject matter

---

[1] The Supply Agreement from the First Action is a separate contract from the contract identified in the instant action's complaint and is, therefore, not at issue here.

3

1  jurisdiction over an action that either arises under federal law, or when there is complete diversity
2  of citizenship between the parties and the amount in controversy exceeds $75,000.  *Tosco Corp. v.*
3  *Communities for a Better Env't,* 236 F.3d 495, 499 (9th Cir. 2001); see 28 USC §§ 1331, 1332.
4  When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of
5  proving jurisdiction in order to survive the motion. *Smith v. McCullough*, 270 U.S. 456, 459
6  (U.S.1926).  "A plaintiff suing in a federal court must show in his pleading, affirmatively and
7  distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the
8  court, on having the defect called to its attention or on discovering the same, must dismiss the case,
9  unless the defect be corrected by amendment." *Id.*
10      The sole ground alleged by Familymeds as the basis for Federal jurisdiction is diversity.
11  *See* Complaint ¶1.  The Complaint raises no Federal claims on its face.  Therefore, this Court's
12  subject matter jurisidiction rests solely upon diversity of the parties and the $75,000 threshhold
13  amount in controversy.  Here, Familymeds makes no claim for monetary damages.  *See* Complaint.
14  The only remedies sought by Familymeds are equitable, namely specific performance and an
15  accounting.
16      In suits involving equitable relief, if the value of the thing to be accomplished is equal to
17  the dollar minimum of the jurisdictional amount requirement to any party in the action, then
18  jurisdiction will be found. *McCauley v. Ford Motor Co.,* 264 F.3d 952, 958, (9th Cir. 2001) *cert.*
19  *dismissed*, 537 U.S. 1 (U.S. 2002).  If the existence of the minimum jurisdictional amount is
20  disputed, the burden of proof falls on the party seeking relief in the federal forum. *Gaus v. Miles,*
21  *Inc.,* (9th Cir. 1992) 980 F.2d 564, 567.  The burden of proof is by a preponderance of the
22  evidence.  Conclusory allegations as to the amount in controversy are insufficient to meet this
23  burden.  *Valdez v Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004).
24      Here, Familymeds relies solely upon insufficient conclusory allegations to contend that any
25  of its claims involve an amount in controversy of at least $75,000. For example, in Paragraph 1 of
26  the Complaint it is alleged:
27
> This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because this is a
> civil action between citizens of different states and the matter in controversy
28 
> exceeds the sum of value of $75,000, exclusive of interest and costs.

4

1  And in Paragraph 12 of the Complaint, Familymeds alleges:

> The amount in controversy of each of the claims of Familymeds, Inc. and Familymeds Group against McKesson and D&K each respectively exceed the sum or value of $75,000.

But for the forgoing conclusory allegations as to the value involved in this matter, nothing in the Complaint would give any indication or notice for the basis upon which the $75,000 amount in controversy is founded.  Indeed, the second of the two quoted allegations is unavailing on its face when it refers to an "<u>amount</u> in controversy" allegedly exceeding $75,000.  Given that no monetary damages are sought in the Complaint, there is no "amount" in controversy; Familymeds has merely pursued equitable remedies without seeking any specified amount from either McKesson or D&K.

Familymeds has not provided any supporting information regarding the value of its requested equitable relief.  In the Complaint, Familymeds implies that an accounting and specific performance will result in ascertaining some "unknown balance" valued at $75,000 or more.  See Complaint ¶¶50, 55 and 60.   This reliance is misguided as the amount of any "unknown balance" necessarily cannot relate to the value of the equitable relief sought in this action.  In *Rapoport v. Rapoport*, the Ninth Circuit stated, "It is well settled that the amount in controversy requirement cannot be met by taking into account any collateral effect which may follow adjudication. *Rapoport v. Rapoport,* 416 F.2d 41, 43 (9th Cir. Nev. 1969).

Here, Familymeds seeks equitable relief to require the defendants to turn over some of their records.  Familymeds relies on the revelation of some number, *i.e.* the "unknown balances", to justify that the amount in controversy exceeds the jurisdictional minimum.  However, the amount of any "unknown balances" confers no right on either party to collect the revealed amount, if any, from the other party.  Indeed, if there are pricing errors revealed, there is no telling what will occur and, whatever that might be, it will not occur within the confines of this action.  Instead, an entire separate action would be required to determine whether the pricing errors presumed by Familymeds to exist would result in recoverable damages by either party.  Accordingly, the value of the equitable relief sought here by Familymeds for the purposes of satisfying the jurisdictional minimum cannot in anyway be tied to the amount of any pricing errors alleged by Familymeds.

5

1  Familymeds provides no acceptable basis on which to value the equitable claims that are
2  the subject of this action.  Familymeds provides only the conclusory allegation that the value of the
3  equitable claims at issue is at least $75,000, with nothing to back it up.  Per the Ninth Circuit in
4  *Valdez*, however, conclusory allegations as to the amount in controversy are insufficient.  *Valdez v*
5  *Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004).  Familymeds has failed to adequately plead
6  sufficient allegations to invoke federal diversity jurisdiction in this matter.  Therefore, this case
7  should be dismissed for lack of subject matter jurisdiction.

**B.     Dismissal under Rule 12(b)(6) for Failure to State a Claim Upon which Relief May be Granted.**

10  None of the six Counts asserted by Familymeds states a claim upon which relief can be
11  granted.  Each of the Counts must therefore be dismissed under Rule 12(b)(6).

**1.     "Specific Performance" is Not a Claim Upon Which Relief May Be Granted.**

14  Count One and Count Two of the Complaint purport to assert claims for "Specific
15  Performance of Contract."  Complaint ¶¶ 30-47.  Neither "Count" contained in this First Claim for
16  Relief states sufficient allegations that would enable the Court to grant either FM Inc. or FM Group
17  the relief requested.
18  An action for specific performance without a claim for damages is purely equitable.  *Adams*
19  *v. Johns-Manville Corp.*, 876 F.2d 702, 709 (9th Cir. Cal. 1989) citing *Owens-Illinois, Inc. v. Lake*
20  *Shore Land Co.*, 610 F.2d 1185, 1189 (3d Cir. 1979).  Furthermore, specific performance is a
21  remedy only and is not a stand-alone cause of action.  *Eugene N. Gordon, Inc. v. La-Z-Boy, Inc.*,
22  2007 U.S. Dist. LEXIS 30632 (E.D. Cal., Apr. 12, 2007).  Therefore, the efficacy of the "Counts"
23  asserting claims for specific performance rests on whether the underlying facts state a cognizable
24  cause of action.  They do not.  There is a vague suggestion that Familymeds may be alluding to a
25  claim for breach of contract.  In each of Paragraph 36 of the Complaint, FM Inc. alleges that "D&K
26  has breached the First Amendment by wrongfully refusing the Request [for Documentation],
27  thereby breaching its Accounting Obligation."  The identical allegation is made by FM Group
28  against D&K in Paragraph 45 of the Complaint.  But the Complaint fails to allege that D&K

6

1  incurred any damages as a result of the alleged breach of the Accounting Obligation by either D&K

2  or McKesson.[2]  Thus, there is no properly pled breach of contract claim in the Complaint.  The

3  Specific Performance claim is a remedy that is unsupported by an underlying viable claim for

4  relief.  Accordingly, Count One and Count Two set forth in Familymeds' First Claim for Relief for

5  Specific Performance should be dismissed and should be dismissed with prejudice and without

6  leave to amend.

### 2. The Equitable Claim for an Accounting is Not a Claim Upon Which Relief May be Granted.

9  The Second Claim for Relief containing four "Counts" seeks an "Accounting in Equity"

10 against each of D&K and McKesson by each of FM group and FM Inc.  An equitable claim for an

11 accounting is not a separate, stand-alone claim, but is merely a remedy, and is only viable in

12 connection with an appropriate claim.  *Yerkovich v. MCA Inc.,* 11 F. Supp. 2d 1167, 1178 (C.D.

13 Cal. 1997).  Here, no underlying claim is alleged to exist thus making the equitable accounting

14 claim unviable.  Each of the four Counts in the Second Claim for Relief should be dismissed under

15 Rule 12(b)(6).

16 The District Court for the Northern District of California has relatively recently culled

17 through various decisions relating to the scope of the ability to assert a claim for an accounting and

18 has concluded that an accounting claim that is not related to an independent claim fails as a matter

19 of law.  In *County of Santa Clara v. Astra USA, Inc.*, 2006 U.S. Dist. LEXIS 57176  (N.D. Cal.,

20 July 28, 2006), the County of Santa Clara sought leave to file a third amended complaint alleging

---

[2] In fact, the Complaint fails to allege sufficient facts that would even support a breach of the so-called "Accounting Obligation" owed by D&K by virtue of a refusal by D&K to deliver requested "Documents" to Familymeds.  The only "Request" described in the Complaint was a letter sent to McKesson on September 18, 2007, not to D&K. Complaint ¶26.  So the alleged breach would have had to have been by McKesson, which received the Request but owed no duties under the First Agreement or the First Amendment as is discussed more fully in Section II.B.3 below.  The entity that allegedly allegedly owed a duty to account to FM Inc. and FM Group as a party to the First Agreement and the First Amendment was D&K and it never received a "Request" from Familymeds and so it never breached the alleged Accounting Obligation by refusing to provide "Documentation" requested under Paragraph 10 of the First Amendment.  No breach of the Accounting Obligation is properly pled, other than by conclusory allegations which are insufficient.  *See* Rule 8 discussed in Section II.B.3 below.

7

1  causes of action against various pharmaceutical companies (including, incidentally, McKesson)
2  including claims for violations of the False Claims Act, unfair competition, breach of contract,
3  negligence, unjust enrichment, and for an accounting.  The Court dismissed each of the other
4  causes of action and then turned to the accounting claim.  It ruled, quoting from the earlier decision
5  that dismissed the plaintiff's second amended complaint, *County of Santa Clara v. Astra USA, Inc.*,
6  428 F. Supp. 2d 1029, 1037 (N.D. Cal. 2006):

> Plaintiff's accounting claim cannot stand independently. It is merely derivative of other claims. *See Janis v. Cal. State Lottery Comm'n*, 68 Cal. App. 4th 824, 833, 80 Cal. Rptr. 2d 549 (Cal. Ct. App. 1998); *see also Zuill v. Shanahan*, 80 F.3d 1366, 1369 (9th Cir. 1996).... There are no viable independent claims. The accounting claim therefore fails. Even if there were viable claims, the accounting claim would not survive because no action for accounting may be maintained if there is an adequate remedy at law. *Faivre v. Daley*, 93 Cal. 664, 673, 29 P. 256 (1892); *Civic W. Corp. v. Zila Indus., Inc.*, 66 Cal. App. 3d 1, 14, 135 Cal. Rptr. 915 (Cal. Ct. App. 1977). If the other claims here were viable, they would provide plaintiff with an adequate remedy at law

2006 U.S. Dist. LEXIS 57176 at 18-19[ellipses by *County of Santa Clara* court].

In reaching the conclusion that an accounting claim cannot survive as a stand-alone claim, the *County of Santa Clara* court rejected the contentions of the plaintiff in that case (which were all but echoed by Familymeds in the First Action) that the cases that the *County of Santa Clara* court relied on did not hold that accounting claims are dependent on other claims.  *Id.* at 19.   The court observed that "*Janis v. Cal. State Lottery Comm'n*, 68 Cal. App. 4th 824, 833 (Cal. Ct. App. 1998) … stated 'Janis's sole remaining cause of action was for an accounting. A right to an accounting is derivative; it must be based on other claims. *Here, because all of Janis's other claims fail, so too does the one for an accounting*.'" *Id*. (emphasis added.)  Similarly, the *County of Santa Clara* court disposed of the plaintiff's contention that *Civic W. Corp. v. Zila Indus., Inc.*, 66 Cal. App. 3d 1, 14 (Cal. Ct. App. 1977) permitted an accounting to be a stand-alone claim.  It refuted that argument stating:

> *Civic Western*, however, did not so hold. In that decision, the trial court sustained a demurrer to a cross-complainant's complaint. The Court of Appeal reversed as to three causes of action in the cross-complaint -- accounting, trespass and forcible entry. The accounting cause of action never stood alone. [66 Cal. App. 3d] at 15-20.

8

1  *Id.* at 19-20.

2  *County of Santa Clara* also disposed of the contention made by the plaintiff in that case
3  relying upon *Civic Western* that accounting claims can stand alone if "accounts are so complicated
4  that an ordinary legal action demanding a fixed sum is impracticable." *Id.* at 20.  The *County of*
5  *Santa Clara* court found that such a reading of *Civic Western* was incorrect.  The *County of Santa*
6  *Clara* court explained:

> Allegations of complicated accounts, however, are not enough to state a claim for an accounting, as *Civic Western* itself stated. *See* 66 Cal. App. 3d at 14 (holding that a suit for an accounting "will not lie where it appears from the complaint that none is necessary or that there is an adequate remedy at law"). If there were further discovery in this action, it likely would allow plaintiff to calculate the proper price, thereby obviating the need for an accounting and affording plaintiff a remedy at law.

*Id.* at 20.  It also disposed of the argument made by the plaintiff in *County of Santa Clara* (and also made by Familymeds in the First Action and likely to reappear here) that "an accounting claim should be sustained where one party holds exclusive access to information that determines compensation due to another party…" *Id.* at 20-21.  Indeed, the *County of Santa Clara* court found that even in the context of a fiduciary relationship (which was not adequately pled to exist in *County of Santa Clara* and does not exist here), "an independent basis of liability is also required." *Id.* at 22.  *County of Santa Clara* establishes that under no scenario can FM Group or FM Inc. assert an equitable right to an accounting as a stand-alone claim.

Another case from the United States District Court for the Northern District of California that is instructive here is  *In re Asyst Technologies, Inc. Derivative Litigation*, 2008 U.S. Dist. LEXIS 41173 at 34 (N.D. Cal., May 23, 2008).  In that case, the plaintiffs sought to meet the standard set forth in *Civic Western* finding that an accounting claim will not lie as an independent claim even in a breach of fiduciary duty context "where it appears from the complaint that none is necessary or that there is an adequate remedy at law."  *Civic Western,* 66 Cal.App.3d at 14.  The *Asyst* court rejected the argument of the plaintiffs that "no adequate remedy at law exists because Defendants hold the keys to all of the documentation necessary to conduct an accounting is not persuasive." *Asyst*, at 34.  As was found by the *Asyst* court:

> Plaintiffs brought this action for money damages, and "a legal remedy cannot be

9

characterized as inadequate merely because the measure of damages may necessitate a look into [a defendant's] business records." *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 478-79, 82 S. Ct. 894, 8 L. Ed. 2d 44 (1962).

*Id.* at 34-35. Similarly, Familymeds cannot allege it has a right to an accounting based upon a bald assertion that if they had the ability to investigate business records in the custody and control of McKesson, they might be able to bring an action for money damages. Accounting claims are not stand alone claims even in circumstances where the targets of the accounting "hold the keys to all of the documentation necessary to conduct an accounting." *Id.* A putative plaintiff cannot cloak itself with an accounting claim to go on a fishing expedition to see if it can assert a claim for breach of contract or some other claim.

Under *County of Santa Clara* and *In re Asyst*,[3] it is clear that as a matter of law, each of the four "Counts" included in the Second Cause of Action should be dismissed with prejudice and without leave to amend Claims to an equitable right to an accounting cannot survive in the absence of underlying viable claims and none have been alleged here.

> **3. Regardless of the Viability of the Specific Performance or Equitable Accounting Claims Asserted in the Complaint Against D&K Under the First Agreement, there is No Basis for Any Claims Against McKesson in the Second Action.**

According to the Complaint, the parties to the First Agreement were Valley Drug Company South, D&K and FM Inc. Complaint ¶15. The Complaint then alleges that on or about December 27, 2005, the First Agreement was amended by the First Amendment which was executed by D&K, FM Inc. and FM Group (then known as Drugmax, Inc.). Complaint ¶17. Notably absent is any allegation that McKesson was a party to either the First Agreement or the First Amendment. Nor are any other facts alleged that would support a conclusion that McKesson owes any duties whatsoever to either FM Inc. or FM Group. The Complaint does allege that "a relationship exists between [Familymeds] and McKesson and circumstances require, that McKesson provide to

---

[3] In its complaint, Familymeds fails to inform the Court that the First Agreement contains a Delaware choice of law provision. Further, the complaint does not attach a redacted copy of the First Agreement (nor did Familymeds file an unredacted copy under seal). For the record, McKesson and D&K hereby inform the Court of the choice of law provision. McKesson and D&K found no Delaware authorities contrary to the authorities cited herein.

10

1  [Familymeds] an accounting in equity." Complaint ¶54 & ¶64.  This is impermissibly vague even
2  under notice pleading requirements.

3      Rule 8(a)(2) requires "…a plain statement of the claim showing that the pleader is entitled
4  to relief." FRCP 8(a)(2).  The requirement of Rule 8(a)(2) is not met by series of conclusions
5  couched in broad general terms alleging wrongdoing but entirely lacking in any statement of fact
6  upon which allegations are based. *Cohen v Beneficial Industrial Loan Corp.*, 69 F. Supp. 297
7  (1946, D.C. N.J.).  Complaints must state facts; general allegations of wrongdoing based upon
8  undisclosed facts do not state causes of action. *Global View Ltd. Venture Capital v Great Cent.*
9  *Basin Exploration, L.L.C.*, 288 F. Supp. 2d 482 (2003, S.D. N.Y.).  Even under liberal pleading
10 standard of Rule 8, courts need not credit conclusory allegations, or legal conclusions without
11 factual allegations; for purposes of motion to dismiss, courts are not bound to accept as true legal
12 conclusion couched as factual allegation. *Global View Ltd. Venture Capital v Great Cent. Basin*
13 *Exploration, L.L.C.,* 288 F. Supp. 2d 482 (2003, S.D. N.Y.).  Thus, in order to survive a motion to
14 dismiss, Count Four against McKesson and Count Six against McKesson would have to plead facts
15 alleging duties owed by McKesson to FM Inc. and FM Group that were breached by McKesson.
16 The Complaint fails to do so and each Count alleged against McKesson should be dismissed with
17 prejudice and without leave to amend.

18/19    **4.    The Equitable Remedies Sought in the Complaint are Not Available to Familymeds Because it Has an Adequate Remedy at Law.**

20    The United States Supreme Court has stated, "The necessary prerequisite to the right to
21 maintain a suit for an equitable accounting, like all other equitable remedies, is, as we pointed out
22 in Beacon Theatres, the absence of an adequate remedy at law." *Dairy Queen, Inc. v. Wood*, 369
23 U.S. 469, 478 (U.S. 1962).  The Complaint states that an accounting is needed to ascertain
24 allegedly "unissued and improperly withheld credits and overcharges". Complaint ¶¶50, 55, 60,
25 65. Clearly, what Familymeds is seeking is not an equitable remedy for all that those are the only
26 claims asserted in the Complain, but rather a legal remedy for money damages.  As was observed
27 by the Supreme Court: "The only substantive right of a simple contract creditor is to have his debt
28 paid in due course. His adjective right is, ordinarily, at law. He has no right whatsoever in equity

1  until he has exhausted his legal remedy." *Pusey & Jones Co. v. Hanssen*, 261 U.S. 491, 497 (U.S.
2  1923).
3     Instead of seeking the legal remedy of money damages, Familymeds seeks specific
4  performance of an alleged accounting provision and seeks to impose a broader accounting
5  obligation upon McKesson and D&K using an equitable accounting claim in each case grounded
6  upon the conclusory allegations repeated in each of the six Counts asserted in the Complaint that
7  "No adequate remedy at law is available to [Familymeds]," Complaint ¶¶ 37, 47, or that "No
8  adequate remedy is available to [Familymeds] at law. . .", Complaint ¶¶ 52, 57, 62 & 67.  But this
9  conclusory allegation is insufficient. From the face of the Complaint it is clear that money damages
10 are what Familymeds is seeking and Familymeds cannot side step that fact by contending that the
11 reason it cannot establish a breach of contract claim is that the data is in the control of McKesson
12 or D&K.  *See In re Asyst Technologies, Inc. Derivative Litigation*, 2008 U.S. Dist. LEXIS 41173 at
13 34 (N.D. Cal., May 23, 2008), *supra.*  Familymeds has an adequate remedy at law.  If either FM
14 Group or FM Inc. had any evidence that the First Agreement as amended by the First Amendment
15 was breached, it should allege the facts tending to establish those claims.  The fact that data may be
16 in the hands of the targets of its breach of contract claim does not render the legal remedy
17 inadequate and permit Familymeds to assert equitable claims imposing accounting obligations on
18 McKesson and/or D&K.

19    **C.**  **The Complaint Should be Dismissed with Prejudice and Without Leave to Amend.**
20

21    A complaint should be dismissed with prejudice and without leave to amend when there
22 have bee repeated failures to cure deficiencies in the complaint or where amendment of the
23 complaint would be futile. *See, Foman v. Davis*, 371 U.S. 178, 182 (U.S. 1962).  The Complaint
24 commencing this action is not, in truth, Familymeds' first effort to plead facts that would support
25 claims for relief seeking specific performance and/or an accounting.  The same claims for relief
26 albeit under the Supply Agreement were alleged in the First Action.  So, Familymeds is aware of
27 the defects of its Complaint and its theories of recovery based on equitable *remedies* not viable
28 claims for relief that demonstrate that each of FM Inc. and FM Group have adequate remedies at

law available to them.  More importantly, however, is that an amendment of the Complaint would be futile.  Under no set of allegations can FM Group or FM Inc. set forth a viable claim for the remedy of specific performance or the remedy of an accounting.  No facts support those theories.  Dismissal of the Complaint with prejudice and without leave to amend is the appropriate result here.

## III.  CONCLUSION

Based upon the foregoing, McKesson and D&K respectfully requested that the motion to dismiss filed by McKesson and D&K be granted with prejudice.

HENDERSON & CAVERLY, LLP

Dated: August 19, 2008      By: _____
                                Maria K. Pum
                                Attorneys for McKesson Corporation and D&K
                                Healthcare Resources LLC

**PROOF OF SERVICE**

I am employed in the County of San Diego, California. I am over the age of 18 years and not a party to the within action. My business address is Henderson & Caverly LLP, P.O. Box 9144, 16236 San Dieguito Road, Suite 4-13, Rancho Santa Fe, California 92067.

On August 19, 2008, I served the foregoing:

**NOTICE OF MOTION;**

**MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP RULES 12(b)(1) AND 12(b)(6); AND**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(1) AND 12(b)(6)**

on the following parties in this action in the manner set forth below:

> Robert C. Gebhardt, Esq.
> Jeffer, Mangels, Butler & Marmaro LLP
> Two Embarcadero Center, Fifth Floor
> San Francisco, California 94111-3824

☐ (BY MAIL) I placed each such sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at Henderson & Caverly LLP, Rancho Santa Fe, California, following ordinary business practices. I am familiar with the practice of Henderson & Caverly LLP for collection and processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal service the same day as it is placed for collection.

☑ (BY EMAIL) I electronically filed such document using the ("CM/ECF") system which will send a Notice Of Electronic Filing to CM/ECF participants.

☐ (BY FACSIMILE) I transmitted the above-listed document to the party listed above via facsimile. The transmission was reported complete and without error. The telephone number of the facsimile machine I used was (858) 756-4732.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed at Rancho Santa Fe, California on August 19, 2008.

_____
Quynh N. Nguyen